IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GOSECURE, INC.,                          §
                                         §
          Plaintiff,                     §
                                         §
v.                                       §                    1:25-CV-2088-RP
                                         §
CROWDSTRIKE, INC. and CROWDSTRIKE        §
HOLDINGS, INC.,                          §
                                         §
          Defendants.                    §

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s (together, "CrowdStrike") Motion to Dismiss, (Dkt. 13). (R. & R., Dkt. 24). CrowdStrike timely filed objections to the report and recommendation, (Dkt. 27), to which Plaintiff GoSecure, Inc. ("Plaintiff") responded, (Dkt. 28). Also before the Court is Plaintiff's Unopposed Motion to Consolidate Cases, (Dkt. 25).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because CrowdStrike timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules CrowdStrike's objections and adopts the report and recommendation as its own order.

The Court will address, however, CrowdStrike's argument that Plaintiff failed to plead facts supporting a claim for increased damages or attorneys' fees, (Objs., Dkt. 27, at 13). Plaintiff seeks

1

both an award of increased damages under 35 U.S.C. § 284[1] and attorneys' fees and costs under 35 U.S.C. § 285[2] in its Complaint, based on Plaintiff's assertion that this is an "exceptional case." (Compl., Dkt. 1, at 17). Plaintiff contends that it is not required to plead such facts, because its request for increased damages or attorneys' fees is not a "claim" and CrowdStrike cites no case in which a court dismissed a plaintiff's similar request at the motion to dismiss stage. (Resp. to Objs., Dkt. 28, at 6).

The Court agrees with Plaintiff and concludes that the determinations of whether this is an "exceptional case" such that the Court might eventually award attorneys' fees or whether Plaintiff is deserving of increased damages are not appropriate for disposition at this stage of the case. The issues of attorneys' fees and damages are properly decided at a much later stage of litigation. *See DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998) ("Because the case is not yet complete, any analysis of exceptional case status would be premature."); *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996) (finding that 35 U.S.C. § 284 requires a two-step process: (1) "the fact-finder must determine whether an infringer is guilty of conduct upon which increased damages may be based," and (2) "the court then determines, exercising its sound discretion, whether, and to what extent, to increase the damages award given the totality of the circumstances").

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 24), is **ADOPTED**.

**IT IS FURTHER ORDERED** that CrowdStrike's Motion to Dismiss, (Dkt. 13), is **DENIED IN PART**. Because Plaintiff withdrew its indirect infringement claims without prejudice,

---

[1] "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court. When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284.

[2] "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

(Resp. to Mot. Dismiss, Dkt. 18, at 2 n.1), Plaintiff's claims for direct and willful infringement of claim 1 of the '099 Patent are the only active claims in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Consolidate Cases, (Dkt. 25), is **GRANTED**. Accordingly, the above-captioned case shall be consolidated with the Lead Case, *GoSecure v. CrowdStrike*, 1:24-cv-526-RP. The parties are instructed to file all future filings in the Lead Case only, and the current stay order entered in the Lead Case will govern the consolidated cases.

**SIGNED** on July 7, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3